UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

AMY ROTA,
Plaintiff

C.A. No.04-217 L

v.

GORDON'S JEWLER'S &
ZALE CORPORATION
Defendants

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Now comes the Plaintiff, AMY ROTA, and hereby files this Motion to Compel Defendants' Responses to Plaintiff's First Request for Production of Documents.

Plaintiff has served on Defendant's counsel her First Request for Production of Documents, on or about February 16, 2005. Plaintiff fully cooperated with the Defendants relative to any additional time they needed to supply complete responses and documents.

On or about April 1, 2005, with a duplicate copy mailed on April 14, 2005, Defendants served their Objections and Responses to Plaintiff's First Request for Production of Documents. Defendants made 15 specific objections to Plaintiff's 28 Document Requests, with incomplete and vague responses to the remaining document requests.

Defendants' objections repeatedly state the same stock objection, without citing any meaningful basis; that Plaintiff's discovery requests are "vague and overbroad, and not calculated to lead to the discovery of admissible evidence." Plaintiff urges that all her

18

discovery requests sought information properly discoverable and due the Plaintiff under applicable Rhode Island and Federal Rules of Evidence.

Plaintiff respectfully requests that the Court compel Defendants to provide complete and fully responsive answers to Plaintiff's Discovery Requests, within ten days of the date of the Court's granting of this Motion. Discovery in this matter is currently scheduled to close on August 10, 2005.

In support of her Motion, Plaintiff has submitted the Attached Memorandum.

## REQUEST FOR A HEARING

Plaintiff respectfully requests that the Court schedule a hearing on this matter.

## CERTIFICATION

**Plaintiff's counsel certifies that Plaintiff has made a good faith effort to confer with Defendants' counsel in an effort to resolve any discovery disputes and to secure disclosure of the requested material, without the need for court intervention, pursuant to FRCP 37.**

Respectfully Submitted,
Amy Rota
By Her Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-245-5802
401-245-4520 (FAX)

**CERTIFICATION**

I hereby certify that, on July 13, 2005, a true copy of the above was delivered by first class regular mail to Neal McNamara, Holland & Knight, 2800 One Financial Plaza—Suite 1800, Providence, RI 02903 counsel to the Defendants.

______________________ Date 7/13/05

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

AMY ROTA,
Plaintiff

C.A. No.04-217L

v.

GORDON'S JEWELER'S &
ZALE CORPORATION
Defendants

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Now comes the Plaintiff, Amy Rota, and hereby files this Memorandum in Support of Plaintiff's Motion to Compel Defendants' Responses to Plaintiff's First Request for Production of Documents.

Plaintiff has served on Defendants' counsel her First Request for Production of Documents (see Plaintiff's requests included in Attachments A and B) Plaintiff fully cooperated with the Defendants relative to any additional time or extensions Defendants needed to supply complete responses and documents.

On or about April 1, 2005, with a duplicate copy mailed April 14, 2005, Defendants served their responses to Plaintiff. Defendants made 15 specific Objection to Plaintiff's 28 Documents Requests, with incomplete and vague responses to the remaining requests. (see Defendants' answers on Attachments A and B)

Defendants' objections repeatedly state the same stock objection, without citing any meaningful basis; that Plaintiff's discovery requests are "overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant evidence." Plaintiff

urges that all her discovery requests sought information properly discoverable and due the Plaintiff under applicable Rhode Island and Federal Rules of Evidence.

## DOCUMENT REQUESTS

Response No.2: Defendants have responded "None." However, it is Plaintiff's understanding, through deposition testimony and other discovery that statements were taken by the Employer's Human Resources Department that would be responsive to this Document Request.

Response No.3: Defendants object to this Request on the ground that it is vague and overbroad. Subject to that request, Defendants say they will produce responsive documents. Plaintiff avers that said request is not vague or overbroad as it requests and all documents relevant to the disputed facts alleged in her complaint. Moreover, Plaintiff ***has not received any supplemental responsive documents*** from Defendants.

Response No.4: Defendants Object on the basis of privilege. This material is properly discoverable as it is a request for documents referencing complaints or reports made by Plaintiff.

Response No.6. Defendants Object on the basis that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. This request is not overbroad. It simply requests documents relative to the company's process and procedures relative to the destruction of documents.

Response No.11. Defendants object to this request on the basis that it is "overly broad and not reasonably calculated to lead to the discovery of admissible evidence." Plaintiff avers that this is a proper discovery request and not subject to Defendants' Objection.

Response No.13: Defendants object to this request on the basis that it is "seeks information protected by the attorney-client work privilege." Plaintiff avers that it is within her discovery rights to request what documents the Defendants intend to submit at trial.

Response No.14: Defendants object on the basis that this request seeks documents protected by the attorney-client work privilege. Plaintiff avers that this requests asks for properly discoverable information, especially in light of the fact that her case goes to the employer's responsibility in addressing her complaints and their investigation, or lack thereof, is direct evidence of that responsibility.

Response No.15: Defendants object to this request on the basis that it is "vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence." Plaintiff argues that this request is within the purview of the discovery rules, especially in light of the fact that her complaint goes directly to accusations made against Mr. Thompson and Mr. Hayes. This request is specific, detailed, and would likely be admissible given the nature of Plaintiff's claim.

Response No.16: Defendants object to this request on the basis that it is "overly broad and not reasonably calculated to lead to the discovery of admissible evidence." Plaintiff argues that this request is within the purview of the discovery rules.

Request No. 20. Defendants have Objected pursuant to their Objection in No. 14. Plaintiff argues that this request is within the purview of the discovery rules.

Request No.21: Defendants have Objected pursuant to their Objection in No. 14. Plaintiff argues that this request is within the purview of the discovery rules.

Request No.22: Defendants object to this request on the basis that it is "overly broad and not reasonably calculated to lead to the discovery of admissible evidence." Plaintiff argues that this request is within the purview of the discovery rules.

Request No.23: Defendants object to this request on the basis that it is "overly broad and not reasonably calculated to lead to the discovery of admissible evidence." Plaintiff argues that this request is within the purview of the discovery rules.

Request No. 24: Defendants object to this request on the basis that it "seeks private information and is not reasonably calculated to lead to the discovery of admissible evidence." Plaintiff argues that this request is within the purview of the discovery rules.

Request No. 25: Defendants object to this request on the basis that it is "overly broad and not reasonably calculated to lead to the discovery of admissible evidence." Plaintiff argues that this request is within the purview of the discovery rules.

**Based on the above, Plaintiff respectfully requests that the Court compel Defendants to provide complete and fully responsive answers to Plaintiff's Document Requests, within ten days of the date of the Court's granting of this Motion.**

## REQUEST FOR A HEARING

Plaintiff respectfully requests that the Court schedule a hearing on this matter.

## CERTIFICATION

**Plaintiff's counsel certifies that Plaintiff has made a good faith effort to confer with Defendants' counsel in an effort to resolve any discovery disputes and to secure disclosure of the requested material, without the need for court intervention, pursuant to FRCP 37.**

Respectfully Submitted,
Amy Rota
By Her Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-245-5802
401-245-4520 (FAX)

**CERTIFICATION**

I hereby certify that, a true copy of the above was delivered by first class regular mail and messenger to Neal McNamara, Holland & Knight, Suite 2800, One Financial Plaza, Providence, RI 02903 counsel to the Defendants.

Date 7/13/05

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMY ROTA,<br>Plaintiff,<br><br>v.<br><br>GORDON'S JEWELERS &<br>ZALE CORPORATION,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. NO. 04-217L |

**DEFENDANT ZALE CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, Zale Corporation hereby responds to Plaintiff, AMY ROTA's First Request for Production of Documents as follows:

Request No. 1: Plaintiffs complete personnel file.

Response

Defendants will produce.

Request No. 2: Any and all statements, formal or informal, taken by the Defendant, or produced at Defendant's request, concerning or related to the incidents, allegations or circumstances at issue in this action.

Response

None.

Request No. 3: Any and all documents, data, compilations, and other tangible things in the possession, custody, or control of Defendant, relevant to disputed facts alleged in Plaintiffs Complaint.

Objection and Response

Defendant objects to the Request on the ground that it is vague and overbroad. Subject to that Objection, will produce responsive documents.

Request No. 4: Any and all records, notes, letters, memoranda, file memos or other documents referencing in any way complaints or reports by Plaintiff to the Defendant's Human Resources Department or any other supervisory or managerial personnel of Defendant, concerning the conditions of Plaintiff s workplace.

Response

Defendant will produce.

Request No. 5: For the entire period of Plaintiff s employment, any and all payroll records, pay stubs, benefit records, and/or other documents indicating or referencing pay and benefits paid to, due to, accrued or received by Plaintiff, including, but not limited to, vacation pay, bonuses, medical/health care benefits, personal leave, sick time, pension, retirement, savings, salary, and all other economic benefits of her employment.

Response

Defendant will produce.

Request No. 6: All documents, including but not limited to, user, operator and programmer manuals, describing the record retention and destruction policies and procedures followed by Defendant, including but not limited to, the date the policy was adopted, the types of documents covered and their respective retention periods, the frequency of document destruction, whether any record is maintained regarding those documents that are destroyed, the manner in which the policy is communicated to Defendant's employees, and the identity of all employees with responsibility for implementing and executing the policy.

Objection

Defendant objects to this Request on the ground that it is overbroad and is not calculated to lead to the discovery of admissible evidence.

Request No. 7. Patrick Thompson's complete personnel file.

Response

Defendant will produce.

Request No. 8: Scott Hayes' complete personnel file.

Objection

Defendant objects to this Request on the ground that it is overbroad, constitutes an invasion of privacy, and is not calculated to lead to the discovery of admissible evidence.

Request No. 9: All computer-generated e-mail and other documents referencing or pertaining to the incidents and circumstances at issue in this action.

Response

Defendant will produce any responsive documents.

Request No. 10. Any and all formal policies, postings, memoranda, announcements, notices or other documents pertaining to the Defendant's efforts, if any, to apprise employees of their rights to a workplace free of discriminatory conduct based on gender.

Response

Defendant will produce.

Request No. 11. Copies of any and all employee handbooks, guides, policies, notices, memoranda, announcements, personnel manuals, or other documents, in effect at the time of the Plaintiffs separation from employment, containing employer policies relating to the terms and conditions of employment by the Defendant, including, but not limited to, any documents containing policies regarding pay, benefits, disciplinary procedures, in- house complaint procedures, and related matters.

Objection and Response

Defendant objects to this Request on the ground that it is overbroad and unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Subject to that Objection, see documents produced in response to Request 10.

Request No. 12 Any and all documents, if any exist, that refer or relate to Plaintiff being warned or disciplined by the Employer.

Response

None.

Request No. 13. Any and all documents Defendant intends to submit in support of its position at trial.

Objection and Response

Defendant objects to this Request on the ground that it seeks information protected by the attorney work product privilege. Subject to that Objection,

defendant has not determined the documents it will introduce at trial.

Request No. 14. Any and all documents drafted, produced, or otherwise created as a result of Defendant's formal or informal investigation(s), if any occurred, of Plaintiffs complaints regarding harassment, discrimination, or other workplace conditions.

Objection

Defendant objects to this Request on the ground that it seeks documents protected by the attorney-client and attorney work product privileges. Defendant will identify those documents.

Request No. 15. Any and all documents of any kind, pertaining in any way to Patrick Thompson and/or Scott Hayes, and referencing employee complaints against Thompson and/or Hayes.

Objection and Response

Defendant objects to this Request on the ground that it is vague, overbroad, unduly burdensome, and is not calculated to lead to the production of admissible evidence. Subject to that Objection, the only documents referencing employee complaints against Thompson or Hayes will be produced.

Request No. 16. For the period of their respective employment, any and all disciplinary warnings, counseling, or other corrective actions involving Patrick Thomson and/or Scott Hayes, statements by Thomson and/or Hayes in connection with any such complaints or discipline, statements or allegations of alleged misconduct by Thomson and/or Hayes, and related documents.

Objection and Response

Defendant objects to this Request on the ground that it is vague, overbroad,

unduly burdensome, and is not calculated to lead to the production of admissible evidence. Subject to that Objection, the only documents referencing disciplinary warnings, counseling or corrective action against Thompson are set forth in his personnel file. There are no such records with respect to Hayes. There are no such statements by Thompson or Hayes.

Request No. 17. Any and all documents referencing or pertaining to the Plaintiffs charges of discrimination filed with the Rhode Island Commission For Human Rights and/or the federal Equal Employment Opportunity Commission, or the Defendant's response thereto.

Response

Defendant will produce.

Request No. 18. Any and all documents relied upon by the Defendant in responding to the Plaintiffs First Set of Interrogatories.

Response

Defendant will produce.

Request No. 19. Any and all documents, references, notes, or other written statements about Plaintiff, authored by Patrick Thompson and/or Scott Hayes.

Response

None.

Request No. 20. Any and all documents containing statements by any employee and/or witness, concerning the subject matter of this action and/or the Employer's formal or informal investigation, if any, of Plaintiff s complaints.

Response

None.

Request No. 21. Defendant's records regarding any and all interviews conducted by the Defendants' personnel/human resources office, or like authority, office with Plaintiff, Patrick Thompson, Scott Hayes, or any other person, regarding any matter at issue in Plaintiffs Complaint.

Response

Defendant will produce.

Request No. 22 Any and all documents, relating or referring to Plaintiffs monthly sales, including but not limited to matters referencing employee sales goals, incentives, performance figures, and Plaintiffs actual sales.

Objection

Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

Request No. 23. With respect to Defendants' Stores #471 in Taunton, Massachusetts and the Warwick, RI store, and for the period from the Plaintiffs hire to the present, please provide any and all documents indicating the amount/value of inventory on hand, annual sales, and profitability of each store, including but not limited to any tax returns, profit and loss statements, inventory reports, sales reports, earning summaries, and like documents.

Objection

Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

Request No. 24. For the period commencing with the date of Plaintiff s employment, until the date of her separation, and for the two stores referenced in the preceding request, please provide any and all documents sufficient to identify the employees employed at these stores, as well as each employee's salary and benefits.

Objection and Response

Defendant objects to the request as it relates to the salary and benefits of the store employees, as it seeks private information, and is not calculated to lead to the discovery of admissible evidence. Documents identifying the employees of the two stores will be produced.

Request No. 25. For the period January 1, 2000 to the present, any and all records, documents, notes, reports, or other writings referencing in any way employee complaints concerning harassment, gender discrimination, ethnic background discrimination, and/or sexually oriented misconduct alleged to have occurred in any of the Defendants' stores.

Objection

Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

Request No. 26. Any and all documents supporting or tending to support Defendants' Second Affirmative Defense.

Response

See documents produced in response to other Requests.

Request No. 27. Any and all documents supporting or tending to support Defendants' Fourth Affirmative Defense.

Response

Defendant will produce.

Request No. 28. For the entire term of her employment, a complete copy of all of Plaintiffs timecards.

Response

Defendant does not utilize timecards.

DEFENDANTS,

GORDON'S JEWELERS &
ZALE CORPORATION

By its attorneys,

HOLLAND & KNIGHT LLP

Neal J. McNamara (#4249)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

Dated: April 1, 2005

CERTIFICATE OF SERVICE

I hereby certify that I served a true and accurate copy of the within Responses to Plaintiff's First Set of Request for Production of Documents to Zale Corporation to Stephen Fanning, Esq., 305 South Main Street, Providence, RI 02903 on this 1st day of April, 2005 via regular mail, postage prepaid.

# 2739293_v1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMY ROTA,<br>Plaintiff,<br><br>v.<br><br>GORDON'S JEWELERS &<br>ZALE CORPORATION,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. NO. 04-217L |

**DEFENDANT GORDON'S JEWELER'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, Gordon's Jewelers hereby responds to Plaintiff, AMY ROTA's First Request for Production of Documents as follows:

Request No. 1: Plaintiff's complete personnel file.

Response

Attached.

Request No. 2: Any and all statements, formal or informal, taken by the Defendant, or produced at Defendant's request, concerning or related to the incidents, allegations or circumstances at issue in this action.

Response

None.

Request No. 3: Any and all documents, data, compilations, and other tangible things in the possession, custody, or control of Defendant, relevant to disputed facts alleged in Plaintiffs Complaint.

Objection and Response

Defendant objects to the Request on the ground that it is vague and overbroad. Subject to that Objection, will produce responsive documents.

Request No. 4: Any and all records, notes, letters, memoranda, file memos or other documents referencing in any way complaints or reports by Plaintiff to the Defendant's Human Resources Department or any other supervisory or managerial personnel of Defendant, concerning the conditions of Plaintiff s workplace.

Response

Non-privileged responsive documents are attached. (See Objection to Request No. 14).

Request No. 5: For the entire period of Plaintiff s employment, any and all payroll records, pay stubs, benefit records, and/or other documents indicating or referencing pay and benefits paid to, due to, accrued or received by Plaintiff, including, but not limited to, vacation pay, bonuses, medical/health care benefits, personal leave, sick time, pension, retirement, savings, salary, and all other economic benefits of her employment.

Response

Attached.

Request No. 6: All documents, including but not limited to, user, operator and programmer manuals, describing the record retention and destruction policies and procedures followed by Defendant, including but not limited to, the date the policy was adopted, the types of documents covered and their respective retention periods, the frequency of document destruction, whether any record is maintained regarding those documents that are destroyed, the manner in which the policy is communicated to Defendant's employees, and the identity of all employees with

responsibility for implementing and executing the policy.

Objection

Defendant objects to this Request on the ground that it is overbroad and is not calculated to lead to the discovery of admissible evidence.

Request No. 7. Patrick Thompson's complete personnel file.

Response

Attached.

Request No. 8: Scott Hayes' complete personnel file.

Response

Defendant withdraws its previous Objection. The personnel file is attached.

Request No. 9: All computer-generated e-mail and other documents referencing or pertaining to the incidents and circumstances at issue in this action.

Response

None.

Request No. 10. Any and all formal policies, postings, memoranda, announcements, notices or other documents pertaining to the Defendant's efforts, if any, to apprise employees of their rights to a workplace free of discriminatory conduct based on gender.

Response

Attached.

Request No. 11. Copies of any and all employee handbooks, guides, policies, notices, memoranda, announcements, personnel manuals, or other documents, in effect at the time of the Plaintiffs separation from employment, containing employer policies relating to the terms and conditions of employment by the Defendant, including, but not limited to, any documents containing policies regarding pay, benefits, disciplinary procedures, in- house complaint procedures, and related matters.

Objection and Response

Defendant objects to this Request on the ground that it is overbroad and unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Subject to that Objection, see documents produced in response to Request 10.

Request No. 12 Any and all documents, if any exist, that refer or relate to Plaintiff being warned or disciplined by the Employer.

Response

None.

Request No. 13. Any and all documents Defendant intends to submit in support of its position at trial.

Objection and Response

Defendant objects to this Request on the ground that it seeks information protected by the attorney work product privilege. Subject to that Objection,

defendant has not determined the documents it will introduce at trial.

Request No. 14. Any and all documents drafted, produced, or otherwise created as a result of Defendant's formal or informal investigation(s), if any occurred, of Plaintiffs complaints regarding harassment, discrimination, or other workplace conditions.

Objection

Defendant objects to this Request on the ground that it seeks documents protected by the attorney-client and attorney work product privileges. Human Resources Manager Stephanie Wheeler conducted an investigation into plaintiff's claims at the direction of Zale Corporation counsel Jane Perelman, in anticipation of litigation. Ms. Wheeler forwarded to Ms. Perelman a memorandum summarizing her investigation.

Request No. 15. Any and all documents of any kind, pertaining in any way to Patrick Thompson and/or Scott Hayes, and referencing employee complaints against Thompson and/or Hayes.

Objection and Response

Defendant objects to this Request on the ground that it is vague, overbroad, unduly burdensome, and is not calculated to lead to the production of admissible evidence. Subject to that Objection, outside of plaintiff's complaints against Thompson, no such documents exist.

Request No. 16. For the period of their respective employment, any and all disciplinary warnings, counseling, or other corrective actions involving Patrick Thompson and/or Scott Hayes, statements by Thompson and/or Hayes in connection with any such complaints or discipline, statements or allegations of alleged

misconduct by Thompson and/or Hayes, and related documents.

Objection and Response

Defendant objects to this Request on the ground that it is vague, overbroad, unduly burdensome, and is not calculated to lead to the production of admissible evidence. Subject to that Objection, the only documents referencing disciplinary warnings, counseling or corrective action against Thompson are set forth in his personnel file. There are no such records with respect to Hayes. There are no such statements by Thompson or Hayes.

Request No. 17. Any and all documents referencing or pertaining to the Plaintiffs charges of discrimination filed with the Rhode Island Commission For Human Rights and/or the federal Equal Employment Opportunity Commission, or the Defendant's response thereto.

Response

Attached.

Request No. 18. Any and all documents relied upon by the Defendant in responding to the Plaintiffs First Set of Interrogatories.

Response

Attached, with the exception of documents that are otherwise the subject of an Objection.

Request No. 19. Any and all documents, references, notes, or other written statements about Plaintiff, authored by Patrick Thompson and/or Scott Hayes.

Response

The only responsive documents are evaluations of plaintiff's performance, which are attached.

Request No. 20. Any and all documents containing statements by any employee and/or witness, concerning the subject matter of this action and/or the Employer's formal or informal investigation, if any, of Plaintiff s complaints.

Response

See Objection to Request No. 14.

Request No. 21. Defendant's records regarding any and all interviews conducted by the Defendants' personnel/human resources office, or like authority, office with Plaintiff, Patrick Thompson, Scott Hayes, or any other person, regarding any matter at issue in Plaintiffs Complaint.

Response

None, with the exception of the document that is the subject of the Objection to Request 14.

Request No. 22 Any and all documents, relating or referring to Plaintiffs monthly sales, including but not limited to matters referencing employee sales goals, incentives, performance figures, and Plaintiffs actual sales.

Objection

Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

Request No. 23. With respect to Defendants' Stores #471 in Taunton,

Massachusetts and the Warwick, RI store, and for the period from the Plaintiffs hire to the present, please provide any and all documents indicating the amount/value of inventory on hand, annual sales, and profitability of each store, including but not limited to any tax returns, profit and loss statements, inventory reports, sales reports, earning summaries, and like documents.

Objection

Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

Request No. 24. For the period commencing with the date of Plaintiff's employment, until the date of her separation, and for the two stores referenced in the preceding request, please provide any and all documents sufficient to identify the employees employed at these stores, as well as each employee's salary and benefits.

Objection and Response

Defendant objects to the request as it relates to the salary and benefits of the store employees, as it seeks private information, and is not calculated to lead to the discovery of admissible evidence. Documents identifying the employees of the two stores will be produced.

Request No. 25. For the period January 1, 2000 to the present, any and all records, documents, notes, reports, or other writings referencing in any way employee complaints concerning harassment, gender discrimination, ethnic background discrimination, and/or sexually oriented misconduct alleged to have occurred in any of the Defendants' stores.

Objection

Defendant objects to this Request on the grounds that it is vague, overbroad,

unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

Request No. 26. Any and all documents supporting or tending to support Defendants' Second Affirmative Defense.

Response

See documents produced in response to other Requests.

Request No. 27. Any and all documents supporting or tending to support Defendants' Fourth Affirmative Defense.

Response

Attached.

Request No. 28. For the entire term of her employment, a complete copy of all of Plaintiffs timecards.

Response

Plaintiff's time records are attached.

DEFENDANTS,
GORDON'S JEWELERS &
ZALE CORPORATION

By their attorneys,

HOLLAND & KNIGHT LLP

Neal J. McNamara (#4249)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

Dated: April 14, 2005

CERTIFICATE OF SERVICE

I hereby certify that I served a true and accurate copy of the within Responses to Plaintiff's First Set of Request for Production of Documents to Gordon's Jewelers to Stephen Fanning, Esq., 305 South Main Street, Providence, RI 02903 on this 14th day of April, 2005 via regular mail, postage prepaid.

# 2760676_v1