UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

AMY ROTA,
Plaintiff

C.A. No.04-217 L

v.

GORDON'S JEWLER'S &
ZALE CORPORATION
Defendants

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Now comes the Plaintiff, AMY ROTA, and hereby files this Motion to Compel Defendants' Responses to Plaintiff's First Set of Interrogatories.

Plaintiff has served on Defendant's counsel her First Set of Interrogatories on or about February 16, 2005. Plaintiff fully cooperated with the Defendants relative to any additional time they needed to supply complete responses.

On or about April 1, 2005, with a duplicate copy mailed on April 14, 2005, Defendants served their Objections and Responses to Plaintiff's First Request for Interrogatories. Plaintiff posed 29 Interrogatories, and Defendant made approximately 8 specific objections to these interrogatories, with vague and incomplete responses to the remaining interrogatories.

In Defendants' responses to Plaintiff's Interrogatory Requests, Defendants' objections repeatedly state the same stock objection, without citing any meaningful basis; that Plaintiff's discovery requests are "vague and overbroad, and not calculated to lead to the discovery of admissible evidence." Plaintiff urges that all her discovery requests

19

sought information properly discoverable and due the Plaintiff under applicable Rhode Island and Federal Rules of Evidence.

Plaintiff respectfully requests that the Court compel Defendants to provide complete and fully responsive answers to Plaintiff's Interrogatory Requests, within ten days of the date of the Court's granting of this Motion. Discovery in this matter is currently scheduled to close on August 10, 2005.

In support of her Motion, Plaintiff has submitted the Attached Memorandum.

**REQUEST FOR A HEARING**

Plaintiff respectfully requests that the Court schedule a hearing on this matter.

**CERTIFICATION**

Plaintiff's counsel certifies that Plaintiff has made a good faith effort to confer with Defendants' counsel in an effort to resolve any discovery disputes and to secure disclosure of the requested material, without the need for court intervention, pursuant to FRCP 37.

Respectfully Submitted,
Amy Rota
By Her Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-245-5802
401-245-4520 (FAX)

**CERTIFICATION**

I hereby certify that, on July 13, 2005, a true copy of the above was delivered by first class regular mail to Neal McNamara, Holland & Knight, 2800 One Financial Plaza—Suite 1800, Providence, RI 02903 counsel to the Defendants.

____________________ Date 7/13/05

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

AMY ROTA,
Plaintiff

C.A. No.04-217L

v.

GORDON'S JEWELER'S &
ZALE CORPORATION
Defendants

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Now comes the Plaintiff, Amy Rota, and hereby files this Memorandum in Support of Plaintiff's Motion to Compel Defendants' Responses To Plaintiff's First Set of Interrogatories.

Plaintiff has served on Defendants' counsel her First Set of Interrogatories. (see Plaintiff's Interrogatories included in Attachments A and B) Plaintiff fully cooperated with the Defendants relative to any additional time or extensions Defendants needed to supply complete responses.

On or about April 1, 2005, with a duplicate copy mailed April 14, 2005, Defendants served their responses to Plaintiff. Defendants made 8 specific Objections to Plaintiff's 29 Documents Requests, with incomplete and vague responses to the remaining requests. (see Defendants' answers on Attachments A and B)

Defendants' objections repeatedly state the same stock objection, without citing any meaningful basis; that Plaintiff's discovery requests are "overbroad, unduly burdensome, and not calculated to lead to the discovery of relevant evidence." Plaintiff

urges that all her discovery requests sought information properly discoverable and due the Plaintiff under applicable Rhode Island and Federal Rules of Evidence.

INTERROGATORY REQUESTS

Interrogatory No. 2: Plaintiff requested identifying information relation to certain employees contained in the employer's personnel or other records for subpoena purposes. Defendants referred Plaintiff to documents produced, yet despite Plaintiff's good-faith efforts such information could not be located. Plaintiff subsequently requested that Defendants provide this information, and some information was provided. Plaintiff requests that this request be responded to in full.

Interrogatory No. 3: Defendant Objects on the ground that this Interrogatory is vague, overly broad and unduly burdensome. Plaintiff avers that she has the right under the rules of discovery to ask the Defendant to identify the documents relevant to the disputed facts alleged in her complaint.

Interrogatory No. 12: Defendant objected on the basis that the Interrogatory is vague. Plaintiff avers that this Interrogatory is not vague at all, it specifically asks Defendants to identify any person who made a statement against the Plaintiff's interests regarding her claims herein.

Interrogatory No. 13: Defendants object on the basis that the Interrogatory is overbroad, vague, and not reasonable calculated to lead to the discovery of admissible evidence, but answers that they are "unaware of any responsive documents." Plaintiff avers that this Interrogatory asks for properly discoverable information.

Interrogatory No.14: Defendants object on the basis that the Interrogatory is overbroad, vague, and not reasonable calculated to lead to the discovery of admissible evidence, but answers that they are "unaware of any responsive documents." Plaintiff avers that this Interrogatory asks for properly discoverable information.

Interrogatory No. 16: Defendants object on the basis that the Interrogatory is overbroad, vague, and not reasonable calculated to lead to the discovery of admissible evidence, but answers that they are "unaware of any responsive documents." Plaintiff avers that this Interrogatory asks for properly discoverable information.

Interrogatory No. 18: Defendants object on the basis that providing the ages of employees are an invasion of privacy. Plaintiff avers that providing ages of the Defendants employees are properly within the scope of discovery.

Interrogatory No. 22: Defendants object on the basis that this Interrogatory to the extent that it seeks information with regard to alleged incidents of harassment or discrimination other than sexual harassment, on the ground that it seeks information that it is not calculated to lead to the discovery of admissible evidence. Defendant further answers that it is aware of no such behavior. Plaintiff avers that the Interrogatory is specific with regard to keeping to "alleged incidents of harassment, gender discrimination, or like behavior" which should properly fall within the purview of discovery given the allegations made in her complaint.

Interrogatory No. 24: Defendants object on the basis that this Interrogatory is vague, overbroad, ambiguous, and not calculated to lead to the discovery of admissible evidence. Plaintiff avers the question is clear, specific, and properly falls within the discovery rules.

Interrogatory No. 28: Plaintiff avers that Defendants answer of "Defendant does not know" is deficient. Plaintiff requests that Defendant elaborate on what, if any, good-faith steps they took to answer this Interrogatory.

**Based on the above, Plaintiff respectfully requests that the Court compel Defendants to provide complete and fully responsive answers to Plaintiff's Interrogatory Requests, within ten days of the date of the Court's granting of this Motion.**

## REQUEST FOR A HEARING

Plaintiff respectfully requests that the Court schedule a hearing on this matter.

## CERTIFICATION

**Plaintiff's counsel certifies that Plaintiff has made a good faith effort to confer with Defendants' counsel in an effort to resolve any discovery disputes and to secure disclosure of the requested material, without the need for court intervention, pursuant to FRCP 37.**

Respectfully Submitted,
Amy Rota
By Her Attorney,

Stephen T. Fanning

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-245-5802
401-245-4520 (FAX)

## CERTIFICATION

I hereby certify that, a true copy of the above was delivered by first class regular mail and messenger to Neal McNamara, Holland & Knight, Suite 2800, One Financial Plaza, Providence, RI 02903 counsel to the Defendants.

Stephen T. Fanning

Date 7/13/05

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMY ROTA, Plaintiff | : | |
| | : | C.A. No.: 04-217 L |
| v. | : | |
| | : | |
| GORDON'S JEWELERS & ZALE CORPORATION Defendants | : | |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ZALE CORPORATION**

Defendant Zale Corporation hereby responds pursuant to the requirements of Rule 33 of the Federal Rules of Civil Procedure, to Plaintiff's AMY ROTA's First Set of Interrogatories as follows:

Interrogatory No. 1:

Identify the name, address, and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged in the Plaintiffs Complaint and/or who may be called at trial as a witness on Defendant's behalf. For each individual identified, describe in detail the information in that person's possession.

Response

All current and former employees of store, who have information with respect to plaintiff"s allegations regarding Patrick Thompson's conduct in the store. Their current or last known contact information has been produced in defendant's response to plaintiff's Request for Production. In addition, Mary Greim, a former manager who is now located at the Warwick store, had one or more conversations with plaintiff regarding Patrick Thompson during the time that plaintiff worked at the store. Finally, Stephanie Wheeler, a Human Resources Manager for defendants, performed the investigation into plaintiff's complaints at the direction of defendants' counsel.

Interrogatory No. 2.

To the extent such information is within the purview of the Defendant, and for purposes of serving subpoena and other discovery matters, please identify the full name, the home address, and telephone number, contained in the employer's personnel or other records, of the following individuals*:

a. Scott Hayes- District Manager of Gordon's Jewelers

b. Patrick Thompson

c. Debra- Gordon's Jewelers Sales Associate at Warwick Mall in Warwick, RI

d. Mike- Gordon's Jewelers Sales Associate at Warwick Mall in Warwick, RI.

e. Mary- Gordon's Jeweler's Store Manager at Emerald Square Mall in North Attleboro, MA.

f. Irish- Gordon's Jeweler's Store Manager at North Danvers Store

g. Natashia- Gordon's Sales Associate at Warwick Mall in Warwick, RI.

h. Erica-Gordon's Jewelers Sales Associate at Warwick Mall in Warwick, RI

i. Barbara- Gordon's Sales Associate at Warwick Mall in Warwick, RI

*Plaintiff avers that these employees were employed during her tenure of employment with the Defendants, on or about 3/03 through 10/03.

Response

See information contained on documents produced. Defendant is unable to provide information as to (f) above.

Interrogatory No. 3

Identify and describe all documents, data, compilations, and other tangible things in the possession, custody, or control of Defendant, relevant to disputed facts alleged in Plaintiffs Complaint. With respect to each identified item, indicate its current location.

Objection

Defendant objects to this Interrogatory on the ground that it is vague, overly broad and unduly burdensome.

Interrogatory No. 4

Identify any insurance agreement or coverage that may be liable to satisfy all or part of any judgment that may be entered in this action or to reimburse or indemnify for payments made to satisfy the judgment.

Response

Defendant has EPLI insurance through Lexington Insurance. Thepolicy has a $250,000 deductible.

Interrogatory No. 5

From January 2003 through the date of Plaintiffs separation from her employment with the Defendant, state and describe in detail any steps taken by the Defendant to monitor and ensure nondiscriminatory workplace treatment of its employees and those individuals in service to Defendant.

Response

Dissemination of the employee handbook, use of complaint hotlines, training, availability of Human Resource professionals and reporting mechanisms, and EEO posters placed in each store.

Interrogatory No. 6

From January 2003, through the date of Plaintiffs separation from her employment with the Defendant, state and describe in detail any steps taken by the Defendant to inform employees of their right to complain to the Defendant or managerial personnel regarding perceived workplace discrimination based on gender.

Response

See Response to Interrogatory No. 5.

Interrogatory No. 7

From January 2003, to the present, state and describe in detail any meetings that took place, involving supervisory, oversight, directorial, advisory or managerial authority of Defendant, at which Plaintiffs complaints or reports regarding workplace conditions, including concerns/complaints regarding conduct by the Defendant's employees, including Patrick Thompson were discussed.

With respect to any such meetings, identify:

j. the date/time/location of the meeting;

k. all persons in attendance;

l. the substance of the discussions;

m. whether or not notes, records, or other documentation exists regarding said meeting.

Objection and Response

Meetings were held in October 2003 with Jane Perelman, legal counsel, to discuss the results of the investigation into plaintiff's complaints, and to discuss any action to be taken. Defendant objects to providing the substance of the discussion as it is protected by the attorney-client privilege. No documentation exists.

Interrogatory No. 8

State and describe in detail the steps Defendant took, pursuant to its policies existing from January 2003 to the present, to investigate claims regarding discriminatory, retaliatory, harassing or other unlawful treatment alleged by Plaintiff or any other employee to have occurred, involving alleged conduct by Patrick Thompson.

Include:

a. the names and positions/titles of Defendant's personnel participating in any such investigation(s);

b. the specific procedures utilized in any such investigation(s);

c. the dates, locations, substance, and participants with respect to any meetings held pursuant to any such investigation(s);

d. the specific misconduct alleged;

e. the names of the complaining/reporting employees;

f. the results of any such investigation(s).

Response

The only employee to allege unlawful treatment by Patrick Thompson was Amy Rota. Stephanie Wheeler, Human Resources Manager, conducted the investigation during late September/early October 2003. She reviewed correspondence from plaintiff's attorney, and spoke to plaintiff, but was unsuccessful in her attempts to interview plaintiff. She interviewed Patrick Thompson, Scott Hayes, Natarsia Medeiros, Erica Medeiros, Deborah Goodell, Roberta Ricci, Mary Greim, Jessica Powell, Barbara Tassoni and Michael Miller. The investigation did not substantiate any allegation, except the allegation that on occasion Patrick Thompson was heard to ask whether an applicant for a position at the store was "hot enough" to work at the store. Thompson was reprimanded for making that comment.

Interrogatory No. 9

Identify the efforts taken by Defendant, in response to these Interrogatories and Plaintiffs Request For Documents, to retrieve documents, including, but not limited to, deleted documents, from Defendant's computer and email systems.

Response

Defendants do not have store e-mails. Defendants have not been able to locate, and are unaware of, any other e-mails regarding this matter.

Interrogatory No. 10

Describe in detail the Defendant's policies, from January 2003 through the present, with respect to the retention, storage, maintenance, and safeguarding of computer-generated data, electronic information, email, and like material. Your response should include, but should not be limited to, identifying the specific locations and forms in which any such material regarding Plaintiff was deposited, including specific computer hard drives, Internet server archives, company logs of email and Web usage, and like locations; as well as identifying any such documents regarding Plaintiff in Defendant's possession or control.

Response

There were no store emails. Stephanie Wheeler has searched her computer and has not located any e-mails regarding plaintiff's complaint.

Interrogatory No. 11

Please identify each and every individual, not otherwise subject to some privilege, including, but not limited to, current and former employees of Defendant, who Defendant has contacted regarding any facts relating to this matter, identifying the date and manner of the contact/communication, and the sum and substance of the communication.

Response

See Response to Interrogatory 8.

Interrogatory No. 12

Identify each and every individual Defendant claims made a statement against the Plaintiffs interest regarding her claims herein, and provide a detailed summary of any such statement(s).

Objection and Response

Defendants object to the Interrogatory on the ground that it is vague. Subject to the Objection, see response to Interrogatory 8.

Interrogatory No. 13

Identify with specificity any and all documents, including, but not limited to, notes, memoranda, letters, diaries, or tape recordings prepared, maintained, or obtained by Defendant relevant to or which would lead to the discovery of relevant information concerning the allegations at issue in Plaintiffs Complaint.

Objection and Response

Defendants object to this Interrogatory on the ground that it is vague, overbroad, and not calculated to lead to the discovery of admissible evidence. Subject to that Objection, defendants are unaware of any responsive documents other than those being produced to plaintiff.

Interrogatory No. 14

Identify each and every document not previously identified that supports or in any way relates to Defendant's defenses of the allegations contained in Plaintiffs Complaint.

Objection and Response

Defendants object to this Interrogatory on the ground that it is vague, overbroad, and not calculated to lead to the discovery of admissible evidence. Subject to that Objection, defendants are unaware of any responsive documents other than those being produced to plaintiff.

Interrogatory No. 15

Identify the person(s) who answered or assisted in the answering of these Interrogatories, identifying the specific interrogatories each individual assisted in answering.

Response

Jane Perelman, counsel, Neal McNamara, counsel, and Stephanie Wheeler, Human Resource Manager.

Interrogatory No. 16

From January 2003, to the present, identify those individuals employed by the Defendant in Scott Hayes' District, indicating:

a. name

b. position held

c. name and address of store

d. gender

e. current status

f. date of hire/separation

g. salary/pay history

Objection

Defendant objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, seeks private information concerning employees, and is not calculated to lead to the discovery of admissible evidence.

Interrogatory No. 17

State with particularity each and every occasion on which Plaintiff reported to co-employees, managerial personnel, Human Resources, or supervisory personnel of any kind that she suffered harassment of any kind or inappropriate treatment in the workplace. Please include:

a. the name of the individual;

b. their position;

c. the information reported;

d. address, phone #, store location.

Response

In August 2003, plaintiff called Mary Greim, a manager at the Emerald Square Mall, on two or three occasions, and told her that Patrick Thompson had made comments about her appearance, her clothing, her boyfriend, grabbed her buttocks, discussed whether a female applicant was cute or hot enough, and hit plaintiff on the buttocks with some papers. Ms. Ms. Greim told plaintiff to call Human Resources, and she gave her the number. Plaintiff told her that Ms. Greim that she would call. Ms. Greim is currently a sales associate at the Warwick store.

Interrogatory No. 18

Since Plaintiffs separation from her employment/duties, identify any and all employees who have any performed duties previously performed by the Plaintiff. For each individual, provide:

a. Name

b. Dates of Employment

c. Home address and telephone as reflected in Defendant's records

d. Gender/DOB

e. Position Title(s)

f. Current Position

g. If separated from employment, state dates and reason for separation.

Objection and Response

Defendant objects to providing age of employees, as that is invasion of privacy, and is not calculated to lead to the discovery of admissible evidence. Subject to that objection, the following employees in the Warwick store have performed duties that had been performed by plaintiff: Debra Goodell (DOH 11/21/95), Erica Medeiros (DOH 11/14/01), Natarsia Medeiros (DOH 11/01/02), Jessica Powell (DOH 8/11/03), Roberta Ricci (DOH 11/12/97), Mary Greim (most recent DOH 3/02) . All are sales associates, except Natarsia Medeiros, who is a cashier. None have separated from employment.

Interrogatory No. 19

State whether Plaintiff was ever reprimanded, given a warning (oral or in writing) in the workplace. If Defendant answers in the affirmative, please provide:

a. the date of said warning/reprimand;

b. the nature/circumstances of said warning/reprimand;

c. what, if any, disciplinary action was taken.

Response

No.

Interrogatory No. 21

At any time during the period of their employment, state whether Defendant was aware of any complaints regarding harassment, gender discrimination, or like behavior, perpetrated against other employees or customers, by Scott Hayes and/or Patrick Thomson. If Defendant answers in the affirmative, please identify each and every occasion, the circumstances of the incident(s), the name of the person who alleged the complaint, and the person whom the complaint was alleged against.

Response

No.

Interrogatory No. 22

State whether Defendant has ever been aware of any alleged incidents of harassment, gender discrimination, or like behavior against other employees or customers of the Defendant, in any store in Scott Hayes' District, from January 2000-January 2005. If Defendant answers in the affirmative, please identify, each and every alleged occasion, the circumstances of the incident, the name of the individual who filed the complaint or allegation, and the person against whom the complaint was alleged.

Objection and Response

Defendant objects to this Interrogatory to the extent that it seeks information with regard to alleged incidents of harassment or discrimination other than sexual harassment, on the ground that it seeks information that is not calculated to lead to the discovery of admissible evidence. Subject to the objection, defendant is aware of no such behavior.

Interrogatory No. 23

For Interrogatories 21 and 22, please state what action, if any was taken by the Employer to respond to the Complaint(s), if any.

Response

Not applicable.

Interrogatory No. 24

State Defendant's procedure for store meetings, (i.e. location, scheduling, notice).

Objection and Response

Defendant objects to this Interrogatory on the grounds that it is vague, overbroad, ambiguous, and not calculated to lead to the discovery of admissible evidence. Subject to that Objection, store meetings are held at the Warwick store at 8:30 a.m. on Saturdays. During plaintiff's employment, the meetings occurred on March 8, April 12, April 19, July 26, and August 23, 2003. The meetings lasted between one and one and one-half hours. Meetings were attended by the store manager and all sales associates. Discussion at the meetings centers on product, inventory, sales, sales techniques, and policies

and procedures.

Interrogatory No. 25

State and describe in detail any and all efforts by the Defendant, its supervisors and/or managers, Department of Human Resources, or any other authority, to contact the Plaintiff, in order to review complaints/reports regarding alleged misconduct by Patrick Thompson and Scott Hayes.

Response

On October 2, 2003 Stephanie Wheeler called plaintiff at the number listed in her employee file, which was her cell phone, and left a message. On that same date, she spoke to plaintiff by telephone at the Warwick store. She asked plaintiff if she had received her message, and she said she had not. Stephanie told her that the Company had received a letter from her attorney and that her attorney had indicated that she was uncomfortable at the store. Stephanie offered her time off with pay until the investigation was complete. Plaintiff said that she did not want time off because she liked her job. Stephanie told her that she was aware that Patrick Thompson was at the store, so did not want to speak with her while she was at the store. Stephanie asked when they could speak when plaintiff was not at the store. Plaintiff said that she got off work at 10:15 PM EDT, and that they could speak then. Stephanie said that she would call her then. Stephanie verified her number and asked if plaintiff if she had caller ID. Plaintiff said that she did. Stephanie told her that she would see a 214 number and that would be her. They agreed to speak at 10:15 PM EDT. Stephanie called at the agreed upon time and left a message. She called again ten minutes later and left a message. She stated in the messages that she was calling to discuss her complaint, as they had agreed. In the second message she added that her attorney had stated that she would cooperate and she asked that she return her call. Stephanie left both her cell and office phone numbers. Plaintiff never called.

Interrogatory No. 26

State in detail any rationale supporting or tending to support Defendant's Fourth Affirmative Defense as stated in Defendants' Amended Answer to Plaintiffs Verified Complaint.

Response

Defendant believes that plaintiff wrongfully completed a credit card application on behalf of her father, and signed her father's name on the application, while an employee. In addition, plaintiff failed to pay for custom work on jewelry done for her at the Gordon's store in Taunton, Massachusetts.

Interrogatory No. 27

State in detail any rationale supporting or tending to support Defendant's Second Affirmative Defense as stated in Defendants' Amended Answer.

Response

Defendant exercised reasonable care in providing avenues of complaint to employees that believe they have been subjected to harassment, and in responding to plaintiff's complaints.

Interrogatory No. 28

Describe in detail the circumstances in which, the store manager asked whether a female job applicant was "hot enough" to work in the store, as admitted in Paragraph 21 of Defendants' Amended Answer. Please include:

a) the name of the applicant

b) the address and phone of the applicant

c) which co-employees were present when the comment was made

d) the time and date the comment was made

e) whether or not the applicant was offered the position

Response

Defendant does not know.

Interrogatory No. 29

Referring to Paragraph 25 of Defendant's Answer to Plaintiffs Verified Complaint, please provide:

the name of the store manager

the location

the address

the phone

other person.

Response

No.

Stephanie Wheeler
Stephanie Wheeler
Human Resources Manager

**STATE OF TEXAS**
**COUNTY OF DALLAS**

Subscribed and sworn to before me this 13th day of April, 2005.

Mary E. Lover
Notary Public
My Commission Expires: 7/1/06

MARY E. LOVER
Notary Public
STATE OF TEXAS
My Comm. Exp. 07/01/2006

As to Objections

DEFENDANTS,

GORDON'S JEWELERS &
ZALE CORPORATION

By its attorneys,

HOLLAND & KNIGHT LLP

Neal J. McNamara (#4249)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

Dated: April 14, 2005

CERTIFICATE OF SERVICE

I hereby certify that I served a true and accurate copy of the within Responses to Plaintiff's First Set of Interrogatories to Zale Corporation to Stephen Fanning, Esq., 305 South Main Street, Providence, RI 02903 on this 14th day of April, 2005 via regular mail, postage prepaid.

# 2761281_v1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMY ROTA,<br>Plaintiff<br><br>v.<br><br>GORDON'S JEWELERS &<br>ZALE CORPORATION<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No.: 04-217 L |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO GORDON'S JEWELERS**

Defendant Gordon's Jewelers hereby responds pursuant to the requirements of Rule 33 of the Federal Rules of Civil Procedure, to Plaintiff's AMY ROTA's First Set of Interrogatories as follows:

Interrogatory No. 1:

Identify the name, address, and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged in the Plaintiffs Complaint and/or who may be called at trial as a witness on Defendant's behalf. For each individual identified, describe in detail the information in that person's possession.

Response

All current and former employees of store, who have information with respect to plaintiff's allegations regarding Patrick Thompson's conduct in the store. Their current or last known contact information has been produced in defendant's response to plaintiff's Request for Production. In addition, Mary Greim, a former manager who is now located at the Warwick store, had one or more conversations with plaintiff regarding Patrick Thompson during the time that plaintiff worked at the store. Finally, Stephanie Wheeler, a Human Resources Manager for defendants, performed the investigation into plaintiff's complaints at the direction of defendants' counsel.

Interrogatory No. 2.

To the extent such information is within the purview of the Defendant, and for purposes of serving subpoena and other discovery matters, please identify the full name, the home address, and telephone number, contained in the employer's personnel or other records, of the following individuals*:

a. Scott Hayes- District Manager of Gordon's Jewelers

b. Patrick Thompson

c. Debra- Gordon's Jewelers Sales Associate at Warwick Mall in Warwick, RI

d. Mike- Gordon's Jewelers Sales Associate at Warwick Mall in Warwick, RI.

e. Mary- Gordon's Jeweler's Store Manager at Emerald Square Mall in North Attleboro, MA.

f. Irish- Gordon's Jeweler's Store Manager at North Danvers Store

g. Natashia- Gordon's Sales Associate at Warwick Mall in Warwick, RI.

h. Erica-Gordon's Jewelers Sales Associate at Warwick Mall in Warwick, RI

i. Barbara- Gordon's Sales Associate at Warwick Mall in Warwick, RI

*Plaintiff avers that these employees were employed during her tenure of employment with the Defendants, on or about 3/03 through 10/03.

Response

See information contained on documents produced. Defendant is unable to provide information as to (f) above.

Interrogatory No. 3

Identify and describe all documents, data, compilations, and other tangible things in the possession, custody, or control of Defendant, relevant to disputed facts alleged in Plaintiffs Complaint. With respect to each identified item, indicate its current location.

Objection

Defendant objects to this Interrogatory on the ground that it is vague, overly broad and unduly burdensome.

Interrogatory No. 4

Identify any insurance agreement or coverage that may be liable to satisfy all or part of any judgment that may be entered in this action or to reimburse or indemnify for payments made to satisfy the judgment.

Response

Defendant has EPLI insurance through Lexington Insurance. Thepolicy has a $250,000 deductible.

Interrogatory No. 5

From January 2003 through the date of Plaintiffs separation from her employment with the Defendant, state and describe in detail any steps taken by the Defendant to monitor and ensure nondiscriminatory workplace treatment of its employees and those individuals in service to Defendant.

Response

Dissemination of the employee handbook, use of complaint hotlines, training, availability of Human Resource professionals and reporting mechanisms, and EEO posters placed in each store.

Interrogatory No. 6

From January 2003, through the date of Plaintiffs separation from her employment with the Defendant, state and describe in detail any steps taken by the Defendant to inform employees of their right to complain to the Defendant or managerial personnel regarding perceived workplace discrimination based on gender.

Response

See Response to Interrogatory No. 5.

Interrogatory No. 7

From January 2003, to the present, state and describe in detail any meetings that took place, involving supervisory, oversight, directorial, advisory

or managerial authority of Defendant, at which Plaintiffs complaints or reports regarding workplace conditions, including concerns/complaints regarding conduct by the Defendant's employees, including Patrick Thompson were discussed.

With respect to any such meetings, identify:

j. the date/time/location of the meeting;

k. all persons in attendance;

l. the substance of the discussions;

m. whether or not notes, records, or other documentation exists regarding said meeting.

Objection and Response

Meetings were held in October 2003 with Jane Perelman, legal counsel, to discuss the results of the investigation into plaintiff's complaints, and to discuss any action to be taken. Defendant objects to providing the substance of the discussion as it is protected by the attorney-client privilege. No documentation exists.

Interrogatory No. 8

State and describe in detail the steps Defendant took, pursuant to its policies existing from January 2003 to the present, to investigate claims regarding discriminatory, retaliatory, harassing or other unlawful treatment alleged by Plaintiff or any other employee to have occurred, involving alleged conduct by Patrick Thompson.

Include:

a. the names and positions/titles of Defendant's personnel participating in any such investigation(s);

b. the specific procedures utilized in any such investigation(s);

c. the dates, locations, substance, and participants with respect to any meetings held pursuant to any such investigation(s);

d. the specific misconduct alleged;

e. the names of the complaining/reporting employees;

f. the results of any such investigation(s).

Response

`The only employee to allege unlawful treatment by Patrick Thompson was Amy Rota. Stephanie Wheeler, Human Resources Manager, conducted the investigation during late September/early October 2003. She reviewed correspondence from plaintiff's attorney, and spoke to plaintiff, but was unsuccessful in her attempts to interview plaintiff. She interviewed Patrick Thompson, Scott Hayes, Natarsia Medeiros, Erica Medeiros, Deborah Goodell, Roberta Ricci, Mary Greim, Jessica Powell, Barbara Tassoni and Michael Miller. The investigation did not substantiate any allegation, except the allegation that on occasion Patrick Thompson was heard to ask whether an applicant for a position at the store was "hot enough" to work at the store. Thompson was reprimanded for making that comment.

Interrogatory No. 9

Identify the efforts taken by Defendant, in response to these Interrogatories and Plaintiffs Request For Documents, to retrieve documents, including, but not limited to, deleted documents, from Defendant's computer and email systems.

Response

Defendants do not have store e-mails. Defendants have not been able to locate, and are unaware of, any other e-mails regarding this matter.

Interrogatory No. 10

Describe in detail the Defendant's policies, from January 2003 through the present, with respect to the retention, storage, maintenance, and safeguarding of computer-generated data, electronic information, email, and like material. Your response should include, but should not be limited to, identifying the specific locations and forms in which any such material regarding Plaintiff was deposited, including specific computer hard drives, Internet server archives, company logs of email and Web usage, and like locations; as well as identifying any such documents regarding Plaintiff in Defendant's possession or control.

Response

There were no store emails. Stephanie Wheeler has searched her computer and has not located any e-mails regarding plaintiff's complaint.

Interrogatory No. 11

Please identify each and every individual, not otherwise subject to some privilege, including, but not limited to, current and former employees of Defendant, who Defendant has contacted regarding any facts relating to this matter, identifying the date and manner of the contact/communication, and the sum and substance of the communication.

Response

See Response to Interrogatory 8.

Interrogatory No. 12

Identify each and every individual Defendant claims made a statement against the Plaintiffs interest regarding her claims herein, and provide a detailed summary of any such statement(s).

Objection and Response

Defendants object to the Interrogatory on the ground that it is vague. Subject to the Objection, see response to Interrogatory 8.

Interrogatory No. 13

Identify with specificity any and all documents, including, but not limited to, notes, memoranda, letters, diaries, or tape recordings prepared, maintained, or obtained by Defendant relevant to or which would lead to the discovery of relevant information concerning the allegations at issue in Plaintiffs Complaint.

Objection and Response

Defendants object to this Interrogatory on the ground that it is vague, overbroad, and not calculated to lead to the discovery of admissible evidence. Subject to that Objection, defendants are unaware of any responsive documents other than those being produced to plaintiff.

Interrogatory No. 14

Identify each and every document not previously identified that supports or in any way relates to Defendant's defenses of the allegations contained in Plaintiffs Complaint.

Objection and Response

Defendants object to this Interrogatory on the ground that it is vague, overbroad, and not calculated to lead to the discovery of admissible evidence. Subject to that Objection, defendants are unaware of any responsive documents other than those being produced to plaintiff.

Interrogatory No. 15

Identify the person(s) who answered or assisted in the answering of these Interrogatories, identifying the specific interrogatories each individual assisted in answering.

Response

Jane Perelman, counsel, Neal McNamara, counsel, and Stephanie Wheeler, Human Resource Manager.

Interrogatory No. 16

From January 2003, to the present, identify those individuals employed by the Defendant in Scott Hayes' District, indicating:

a. name

b. position held

c. name and address of store

d. gender

e. current status

f. date of hire/separation

g. salary/pay history

Objection

Defendant objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, seeks private information concerning employees, and is not calculated to lead to the discovery of admissible evidence.

Interrogatory No. 17

State with particularity each and every occasion on which Plaintiff reported to co-employees, managerial personnel, Human Resources, or supervisory personnel of any kind that she suffered harassment of any kind or inappropriate treatment in the workplace. Please include:

a. the name of the individual;

b. their position;

c. the information reported;

d. address, phone #, store location.

Response

In August 2003, plaintiff called Mary Greim, a manager at the Emerald Square Mall, on two or three occasions, and told her that Patrick Thompson had made comments about her appearance, her clothing, her boyfriend, grabbed her buttocks, discussed whether a female applicant was cute or hot enough, and hit plaintiff on the buttocks with some papers. Ms. Ms. Greim told plaintiff to call Human Resources, and she gave her the number. Plaintiff told her that Ms. Greim that she would call. Ms. Greim is currently a sales associate at the Warwick store.

Interrogatory No. 18

Since Plaintiffs separation from her employment/duties, identify any and all employees who have any performed duties previously performed by the Plaintiff. For each individual, provide:

a. Name

b. Dates of Employment

c. Home address and telephone as reflected in Defendant's records

d. Gender/DOB

e. Position Title(s)

f. Current Position

g. If separated from employment, state dates and reason for separation.

Objection and Response

Defendant objects to providing age of employees, as that is invasion of privacy, and is not calculated to lead to the discovery of admissible evidence. Subject to that objection, the following employees in the Warwick store have performed duties that had been performed by plaintiff: Debra Goodell (DOH 11/21/95), Erica Medeiros (DOH 11/14/01), Natarsia Medeiros (DOH 11/01/02), Jessica Powell (DOH 8/11/03), Roberta Ricci (DOH 11/12/97), Mary Greim (most recent DOH 3/02) . All are sales associates, except Natarsia Medeiros, who is a cashier. None have separated from employment.

Interrogatory No. 19

State whether Plaintiff was ever reprimanded, given a warning (oral or in writing) in the workplace. If Defendant answers in the affirmative, please provide:

a. the date of said warning/reprimand;

b. the nature/circumstances of said warning/reprimand;

c. what, if any, disciplinary action was taken.

Response

No.

Interrogatory No. 21

At any time during the period of their employment, state whether Defendant was aware of any complaints regarding harassment, gender discrimination, or like behavior, perpetrated against other employees or customers, by Scott Hayes and/or Patrick Thomson. If Defendant answers in the affirmative, please identify each and every occasion, the circumstances of the incident(s), the name of the person who alleged the complaint, and the person whom the complaint was alleged against.

Response

No.

Interrogatory No. 22

State whether Defendant has ever been aware of any alleged incidents of harassment, gender discrimination, or like behavior against other employees or customers of the Defendant, in any store in Scott Hayes' District, from January

2000-January 2005. If Defendant answers in the affirmative, please identify, each and every alleged occasion, the circumstances of the incident, the name of the individual who filed the complaint or allegation, and the person against whom the complaint was alleged.

Objection and Response

Defendant objects to this Interrogatory to the extent that it seeks information with regard to alleged incidents of harassment or discrimination other than sexual harassment, on the ground that it seeks information that is not calculated to lead to the discovery of admissible evidence. Subject to the objection, defendant is aware of no such behavior.

Interrogatory No. 23

For Interrogatories 21 and 22, please state what action, if any was taken by the Employer to respond to the Complaint(s), if any.

Response

Not applicable.

Interrogatory No. 24

State Defendant's procedure for store meetings, (i.e. location, scheduling, notice).

Objection and Response

Defendant objects to this Interrogatory on the grounds that it is vague, overbroad, ambiguous, and not calculated to lead to the discovery of admissible evidence. Subject to that Objection, store meetings are held at the Warwick store at 8:30 a.m. on Saturdays. During plaintiff's employment, the meetings occurred on March 8, April 12, April 19, July 26, and August 23, 2003. The meetings lasted between one and one and one-half hours. Meetings were attended by the store manager and all sales associates. Discussion at the meetings centers on product, inventory, sales, sales techniques, and policies and procedures.

Interrogatory No. 25

State and describe in detail any and all efforts by the Defendant, its supervisors and/or managers, Department of Human Resources, or any other authority, to contact the Plaintiff, in order to review complaints/reports regarding alleged misconduct by Patrick Thompson and Scott Hayes.

Response

On October 2, 2003 Stephanie Wheeler called plaintiff at the number listed in her employee file, which was her cell phone, and left a message. On that same date, she spoke to plaintiff by telephone at the Warwick store. She asked plaintiff if she had received her message, and she said she had not. Stephanie told her that the Company had received a letter from her attorney and that her attorney had indicated that she was uncomfortable at the store. Stephanie offered her time off with pay until the investigation was complete. Plaintiff said that she did not want time off because she liked her job. Stephanie told her that she was aware that Patrick Thompson was at the store, so did not want to speak with her while she was at the store. Stephanie asked when they could speak when plaintiff was not at the store. Plaintiff said that she got off work at 10:15 PM EDT, and that they could speak then. Stephanie said that she would call her then. Stephanie verified her number and asked if plaintiff if she had caller ID. Plaintiff said that she did. Stephanie told her that she would see a 214 number and that would be her. They agreed to speak at 10:15 PM EDT. Stephanie called at the agreed upon time and left a message. She called again ten minutes later and left a message. She stated in the messages that she was calling to discuss her complaint, as they had agreed. In the second message she added that her attorney had stated that she would cooperate and she asked that she return her call. Stephanie left both her cell and office phone numbers. Plaintiff never called.

Interrogatory No. 26

State in detail any rationale supporting or tending to support Defendant's Fourth Affirmative Defense as stated in Defendants' Amended Answer to Plaintiffs Verified Complaint.

Response

Defendant believes that plaintiff wrongfully completed a credit card application on behalf of her father, and signed her father's name on the application, while an employee. In addition, plaintiff failed to pay for custom work on jewelry done for her at the Gordon's store in Taunton, Massachusetts.

Interrogatory No. 27

State in detail any rationale supporting or tending to support Defendant's Second Affirmative Defense as stated in Defendants' Amended Answer.

Response

Defendant exercised reasonable care in providing avenues of complaint

to employees that believe they have been subjected to harassment, and in responding to plaintiff's complaints.

Interrogatory No. 28

Describe in detail the circumstances in which, the store manager asked whether a female job applicant was "hot enough" to work in the store, as admitted in Paragraph 21 of Defendants' Amended Answer. Please include:

a) the name of the applicant

b) the address and phone of the applicant

c) which co-employees were present when the comment was made

d) the time and date the comment was made

e) whether or not the applicant was offered the position

Response

Defendant does not know.

Interrogatory No. 29

Referring to Paragraph 25 of Defendant's Answer to Plaintiffs Verified Complaint, please provide:

the name of the store manager

the location

the address

the phone

the "certain concerns" referenced

Response

See Response to Interrogatory 17.

Interrogatory No. 30

State whether Scott Hayes or Patrick Thomson have put comments of a sexually-oriented nature in writing in the workplace, regarding any employee or

other person.

Response

No.

Stephanie Wheeler
Human Resources Manager

**STATE OF TEXAS**
**COUNTY OF DALLAS**

Subscribed and sworn to before me this 13th day of April, 2005.

Mary E. Lover
Notary Public
My Commission Expires: 7/1/06

MARY E. LOVER
Notary Public
STATE OF TEXAS
My Comm. Exp. 07/01/2006

As to Objections

DEFENDANTS,

GORDON'S JEWELERS &
ZALE CORPORATION

By its attorneys,

HOLLAND & KNIGHT LLP

Neal J. McNamara (#4249)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax. (401) 553-6850

Dated: April 14, 2005

CERTIFICATE OF SERVICE

I hereby certify that I served a true and accurate copy of the within Responses to Plaintiff's First Set of Interrogatories to Gordon's Jewelers to Stephen Fanning, Esq., 305 South Main Street, Providence, RI 02903 on this 14th day of April, 2005 via regular mail, postage prepaid.

# 2637124_v1