UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMY ROTA,<br>Plaintiff | : | |
| v. | : | C.A. No.: 04-217 L |
| GORDON'S JEWELERS &<br>ZALE CORPORATION<br>Defendants | : | |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Gordon's Jewelers and Zale Corporation hereby object to Plaintiff's Motion to Compel Responses to Plaintiff's First Request for Production of Documents. In support of their objection, Defendants rely upon the arguments and legal authority set forth in the accompanying memorandum.

DEFENDANTS,
GORDON'S JEWELERS and
ZALE CORPORATION

By their attorneys,

HOLLAND & KNIGHT LLP

Neal J. McNamara (#4249)
Robert J. Crohan Jr. (#6516)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax (401) 553-6850

## CERTIFICATE OF SERVICE

I hereby certify that on July 28th, 2005, I served a true and accurate copy of the within document via regular mail, postage prepaid to:

Stephen Fanning, Esq.
305 South Main Street
Providence, RI 02903

Marilyn Lonely

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

AMY ROTA, :
Plaintiff :
:
v. : C.A. No.: 04-217 L
:
GORDON'S JEWELERS & :
ZALE CORPORATION :
Defendants :

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Gordon's Jewelers and Zale Corporation[1] submit this Memorandum in Opposition to Plaintiff's Motion to Compel Responses to Plaintiff's First Request for Production of Documents. The specific requests and objections thereto that are at issue in this motion are set forth below, followed by a discussion of why Plaintiff's motion should be denied.

> Request No. 2: Any and all statements, formal or informal, taken by the Defendant, or produced at Defendant's request, concerning or related to the incidents, allegations or circumstances at issue in this action.
>
> Response: None.

Discussion: Defendant has answered this request. No written statements were taken by the Defendants in connection with the investigation of the allegations forming the basis of plaintiff's complaint. After Defendants received a letter from plaintiff's counsel regarding alleged sexual harassment, Human Resources Manager Stephanie Wheeler conducted an

[1] Plaintiff served separate identical requests for production of documents on both Defendants. Defendants responded separately and similarly, but not identically, to those requests. In her memorandum, the plaintiff fails to identify which Defendant's objections she is seeking to overrule with respect to the requests for production addressed. It appears, however, based on plaintiff's assertions in her memorandum, that the objections at issue are those asserted by Defendant Gordon Jewelers. In any event, the arguments made herein apply to both Defendants' objections and responses.

investigation and, at the direction of Zale Corporation counsel Jane Perelman, prepared a memorandum summarizes the investigation. This document was prepared in anticipation of litigation and is protected from disclosure by the work-product doctrine. Moreover, the document is protected by the attorney-client privilege, since it was prepared at the direction of counsel and forwarded to her for purposes of providing legal counsel.

> Request No. 3: Any and all documents, data, compilations, and other tangible things in the possession, custody, or control of Defendant, relevant to disputed facts alleged in Plaintiffs Complaint.
>
> Objection and Response: Defendant objects to the Request on the ground that it is vague and overbroad. Subject to that Objection, will produce responsive documents.

Discussion: Defendants have produced all documents in their possession, custody or control responsive to this request, with the exception of the memorandum to which they have asserted the work product doctrine and attorney-client privilege.

> Request No. 4: Any and all records, notes, letters, memoranda, file memos or other documents referencing in any way complaints or reports by Plaintiff to the Defendant's Human Resources Department or any other supervisory or managerial personnel of Defendant, concerning the conditions of Plaintiff s workplace.
>
> Response: Non-privileged responsive documents are attached. (See Objection to Request No. 14).

Discussion: Defendants have produced responsive documents except for a memorandum prepared in anticipation of litigation by Human Resources Manager Stephanie Wheeler at the direction of Zale Corporation counsel Jane Perelman. The memorandum summarizes the investigation of Ms. Wheeler conducted after the company received a letter from plaintiff's counsel regarding alleged sexual harassment. This document was prepared in anticipation of litigation and is protected from disclosure by the work-product doctrine. Moreover, the

document is protected by the attorney-client privilege, since it was prepared at the direction of counsel and forwarded to her for purposes of providing legal counsel. The plaintiff has made no showing sufficient to overcome these privileges, and Defendant's objection should be sustained.

> <u>Request No. 6</u>: All documents, including but not limited to, user, operator and programmer manuals, describing the record retention and destruction policies and procedures followed by Defendant, including but not limited to, the date the policy was adopted, the types of documents covered and their respective retention periods, the frequency of document destruction, whether any record is maintained regarding those documents that are destroyed, the manner in which the policy is communicated to Defendant's employees, and the identity of all employees with responsibility for implementing and executing the policy.
>
> <u>Objection</u>: Defendant objects to this Request on the ground that it is overbroad and is not calculated to lead to the discovery of admissible evidence.

<u>Discussion</u>: Plaintiff has made no showing that the requested documents are relevant to the issues involved in this litigation. This is a straightforward sexual harassment case involving allegations of inappropriate conduct by plaintiff's supervisor. Defendants' policies and procedures for records retention and destruction are not relevant and should not be produced.

> <u>Request No. 11</u>: Copies of any and all employee handbooks, guides, policies, notices, memoranda, announcements, personnel manuals, or other documents, in effect at the time of the Plaintiffs separation from employment, containing employer policies relating to the terms and conditions of employment by the Defendant, including, but not limited to, any documents containing policies regarding pay, benefits, disciplinary procedures, in- house complaint procedures, and related matters.
>
> <u>Objection and Response:</u> Defendant objects to this Request on the ground that it is overbroad and unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Subject to that Objection, see documents produced in response to Request 10.
>
> <u>Discussion</u>: Defendants have produced all responsive documents.

Request No. 13. Any and all documents Defendant intends to submit in support of its position at trial.

Objection and Response: Defendant objects to this Request on the ground that it seeks information protected by the attorney work product privilege. Subject to that Objection, defendant has not determined the documents it will introduce at trial.

Discussion: Defendants asserted the attorney-client privilege to preserve such objection, and responded substantively by stating that they have not yet determined the documents they will introduce at trial.

Request No. 14. Any and all documents drafted, produced, or otherwise created as a result of Defendant's formal or informal investigation(s), if any occurred, of Plaintiffs complaints regarding harassment, discrimination, or other workplace conditions.

Objection: Defendant objects to this Request on the ground that it seeks documents protected by the attorney-client and attorney work product privileges. Human Resources Manager Stephanie Wheeler conducted an investigation into plaintiff's claims at the direction of Zale Corporation counsel Jane Perelman, in anticipation of litigation. Ms. Wheeler forwarded to Ms. Perelman a memorandum summarizing her investigation.

Discussion: The only document responsive to this request is a memorandum prepared in anticipation of litigation by Human Resources Manager Stephanie Wheeler at the direction of Zale Corporation counsel Jane Perelman. The memorandum summarizes the investigation of Ms. Wheeler conducted after the company received a letter from plaintiff's counsel regarding alleged sexual harassment. This document was prepared in anticipation of litigation and is protected from disclosure by the work-product doctrine. Moreover, the document is protected by the attorney-client privilege, since it was prepared at the direction of counsel and forwarded to her for purposes of providing legal counsel. The plaintiff has made no showing sufficient to overcome these privileges, and Defendants' objection should be sustained.

Request No. 15. Any and all documents of any kind, pertaining in any way to Patrick Thompson and/or Scott Hayes, and referencing employee complaints against Thompson and/or Hayes.

Objection and Response: Defendant objects to this Request on the ground that it is vague, overbroad, unduly burdensome, and is not calculated to lead to the production of admissible evidence. Subject to that Objection, outside of plaintiff's complaints against Thompson, no such documents exist.

Discussion: Defendants stands by the asserted objections. To the extent this request seeks any and all documents of any kind relating in any way to Messr. Thompson and Hayes, it is clearly overbroad. To the extent it seeks documents pertaining to employee complaints registered against them, Defendants have responded substantively that no such documents exist other than those relating to plaintiff's complaint.

Request No. 16. For the period of their respective employment, any and all disciplinary warnings, counseling, or other corrective actions involving Patrick Thompson and/or Scott Hayes, statements by Thompson and/or Hayes in connection with any such complaints or discipline, statements or allegations of alleged misconduct by Thompson and/or Hayes, and related documents.

Objection and Response: Defendant objects to this Request on the ground that it is vague, overbroad, unduly burdensome, and is not calculated to lead to the production of admissible evidence. Subject to that Objection, the only documents referencing disciplinary warnings, counseling or corrective action against Thompson are set forth in his personnel file. There are no such records with respect to Hayes. There are no such statements by Thompson or Hayes.

Discussion: Defendants have responded substantively to this request.

Request No. 20. Any and all documents containing statements by any employee and/or witness, concerning the subject matter of this action and/or the Employer's formal or informal investigation, if any, of Plaintiff s complaints.

Response: See Objection to Request No. 14.

Discussion: For the reasons discussed in Defendant's arguments regarding interrogatories numbered 4 and 14 above, Defendant's objection should be sustained.

Request No. 21. Defendant's records regarding any and all interviews conducted by the Defendants' personnel/human resources office, or like authority, office with Plaintiff, Patrick Thompson, Scott Hayes, or any other person, regarding any matter at issue in Plaintiffs Complaint.

Response: None, with the exception of the document that is the subject of the Objection to Request 14.

Discussion: For the reasons discussed in Defendants' arguments regarding interrogatories numbered 4 and 14 above, Defendants' objection should be sustained.

Request No. 22: Any and all documents, relating or referring to Plaintiffs monthly sales, including but not limited to matters referencing employee sales goals, incentives, performance figures, and Plaintiffs actual sales.

Objection: Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

Discussion: Defendants stand by their asserted objection. This is a straightforward sexual harassment case alleging inappropriate conduct by the plaintiff's supervisor. Plaintiff has not made any claim that she was subject to discrimination relating to her sales goals, incentives, performance, etc. These are not issues involved in this litigation and therefore, this information is not properly subject to discovery.

Request No. 23. With respect to Defendants' Stores #471 in Taunton, Massachusetts and the Warwick, RI store, and for the period from the Plaintiffs hire to the present, please provide any and all documents indicating the amount/value of inventory on hand, annual sales, and profitability of each store, including but not limited to any tax returns, profit and loss statements, inventory reports, sales reports, earning summaries, and like documents.

Objection: Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

Discussion: Plaintiff has proffered no support for its assertion that this discovery request seeks information relevant to this litigation. This is a sexual harassment case involving allegations of misconduct by plaintiff's supervisor. The requested business and financial information is not relevant to the issues in this case and not properly subject to discovery.

Request No. 24. For the period commencing with the date of Plaintiff's employment, until the date of her separation, and for the two stores referenced in the preceding request, please provide any and all documents sufficient to identify the employees employed at these stores, as well as each employee's salary and benefits.

Objection and Response: Defendant objects to the request as it relates to the salary and benefits of the store employees, as it seeks private information, and is not calculated to lead to the discovery of admissible evidence. Documents identifying the employees of the two stores will be produced.

Discussion: Defendants have identified the employees at the two stores. The salary and benefits of these employees is not relevant to the issues in this case. The plaintiff is not alleging that she was paid less in salary or benefits from similarly situated employees because of her sex.

Moreover, the requested information implicates the privacy interest of third parties to this litigation. "Courts have been reluctant to permit discovery, when the requested disclosures would intrude upon the privacy interests of other, non-party employees." *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997). In the absence of establishing the relevance and need for the requested discovery, plaintiff should not be permitted to obtain this private information. *Cf. Whittingham v. Amherst College*, 164 F.R.D. 124, 126 (D. Mass. 1995) (recognizing that "personnel files contain perhaps the most private information about an employee" and denying plaintiff's attempt to discover files of other employees where he failed to

make a particularized showing demonstrating that his need for the information outweighed the privacy interests of the individuals whose private information was sought); *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D. Pa. 1994) ("[I]t is clear that disclosure of [ ] personnel files would constitute an invasion of privacy."). The Defendant's objections should be sustained.

> Request No. 25. For the period January 1, 2000 to the present, any and all records, documents, notes, reports, or other writings referencing in any way employee complaints concerning harassment, gender discrimination, ethnic background discrimination, and/or sexually oriented misconduct alleged to have occurred in any of the Defendants' stores.
>
> Objection: Defendant objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence.

Discussion: Defendants have properly objected to the extent the request seeks documents regarding forms of discrimination/harassment other than sex, and to the extent it seeks information concerning complaints at stores other than the one where plaintiff worked.

When plaintiffs have sought discovery concerning other complaints of discrimination and/or harassment made against an employer, federal courts have consistently limited the scope of discovery to "the same form of discrimination." *Mitchell v. National R.R. Passenger Corp.*, 208 F.R.D. 455, 460 (D.D.C. 2002). *See also Flanagan v. Travelers Inc. Co.*, 111 F.R.D. 42, 48 (W.D.N.Y. 1986) (limiting discovery to the same type alleged in complaint); *Robbins v. Camden Bd. of Educ.*, 105 F.R.D. 49, 61-63 (D.N.J. 1985) (recognizing that proper scope of discovery seeking other complaints of discrimination against defendants are limited to type of action complained of and type of discrimination alleged). In this case, the plaintiff has alleged sexual harassment. Therefore, complaints based on any form of discrimination or harassment other than sex are not relevant and not discoverable. With respect to the relevant form of

discrimination/harassment, Defendants have attested that the only claim of sexual harassment was made by the plaintiff.

Moreover, to the extent discovery of other complaints of similar discrimination is permitted, it is properly limited to the location at which a plaintiff works. *See, e.g.*, *Sallis v. University of Minnesota*, 408 F.3d 470, 478 (8th Cir. 2005) ("Courts have [ ] limited the discovery of company records to the local facility where plaintiff was employed, where there is no showing of the need for regional or nationwide discovery."); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077 (11th Cir. 1990); *Glenn v. Williams*, 209 F.R.D. 279, 281-82 (D.D.C. 2002); *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997); *Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D. Kan. 1995). Plaintiffs request for company-wide complaints is clearly overbroad and objectionable in this single plaintiff sexual harassment case involving allegations against one supervisor. Defendants' objections should be sustained.

DEFENDANTS,
GORDON'S JEWELERS and
ZALE CORPORATION

By their attorneys,

HOLLAND & KNIGHT LLP

Neal J. McNamara (#4249)
Robert J. Crohan Jr. (#6516)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax (401) 553-6850

CERTIFICATE OF SERVICE

I hereby certify that on July 28th, 2005, I served a true and accurate copy of the within document via regular mail, postage prepaid to:

Stephen Fanning, Esq.
305 South Main Street
Providence, RI 02903

Marilyn Tenaly

# 3089192_v1