UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

AMY ROTA,
Plaintiff

v.

GORDON'S JEWELERS &
ZALE CORPORATION
Defendants

C.A. No.: 04-217 L

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendants Gordon's Jewelers and Zale Corporation hereby object to Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Interrogatories. In support of their objection, Defendants rely upon the arguments and legal authority set forth in the accompanying memorandum.

DEFENDANTS,
GORDON'S JEWELERS and
ZALE CORPORATION

By their attorneys,

HOLLAND & KNIGHT LLP

Neal J. McNamara (#4249)
Robert J. Crohan Jr. (#6516)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax (401) 553-6850

# CERTIFICATE OF SERVICE

I hereby certify that on July 28th, 2005, I served a true and accurate copy of the within document via regular mail, postage prepaid to:

Stephen Fanning, Esq.
305 South Main Street
Providence, RI 02903

Marilyn Lowely

# 3089375_v1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMY ROTA,<br>Plaintiff | : | |
| v. | : | C.A. No.: 04-217 L |
| GORDON'S JEWELERS &<br>ZALE CORPORATION<br>Defendants | : | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendants Gordon's Jewelers and Zale Corporation[1] submit this Memorandum in Opposition to Plaintiff's Motion to Compel Responses to Plaintiff's First Set of Interrogatories. The specific requests and objections thereto that are at issue in this motion are set forth below, followed by a discussion of why plaintiff's motion should be denied.

Interrogatory No. 2.

To the extent such information is within the purview of the Defendant, and for purposes of serving subpoena and other discovery matters, please identify the full name, the home address, and telephone number, contained in the employer's personnel or other records, of the following individuals*:

a. Scott Hayes - District Manager of Gordon's Jewelers
b. Patrick Thompson
c. Debra - Gordon's Jewelers Sales Associate at Warwick Mall in Warwick, RI
d. Mike - Gordon's Jewelers Sales Associate at Warwick Mall in Warwick, RI
e. Mary - Gordon's Jeweler's Store Manager at Emerald Square Mall in North Attleboro, MA
f. Irish - Gordon's Jeweler's Store Manager at North Danvers Store

[1] Plaintiff served separate identical sets of interrogatories on both Defendants. Defendants responded separately and identically to the interrogatories. The arguments made herein apply to both Defendants' objections and responses.

g. Natashia - Gordon's Sales Associate at Warwick Mall in Warwick, RI
h. Erica - Gordon's Jewelers Sales Associate at Warwick Mall in Warwick, RI
i. Barbara - Gordon's Sales Associate at Warwick Mall in Warwick, RI

*Plaintiff avers that these employees were employed during her tenure of employment with the Defendants, on or about 3/03 through 10/03.

Response

See information contained on documents produced. Defendant is unable to provide information as to (f) above.

Discussion: Defendants have either provided or are providing the requested information, or have previously produced or have agreed to produce the individuals for deposition.

a. *Scott Hayes - District Manager of Gordon's Jewelers*: Plaintiff has moved to compel the deposition of Mr. Hayes, who is presently out of work on FMLA leave. Defendants object to plaintiff's motion. Mr. Hayes is a manager and will be produced for deposition on a date agreed to by the parties or as ordered by the Court.

b. *Patrick Thompson*: Mr. Thompson is the accused harasser. He is being produced for deposition by Defendants on July 29, 2005.

c. *Debra - Gordon's Jewelers Sales Associate at Warwick Mall in Warwick, RI*: Defendants will produce her for deposition.

d. *Mike - Gordon's Jewelers Sales Associate at Warwick Mall in Warwick, RI*: Defendants have provided his contact information.

e. *Mary - Gordon's Jeweler's Store Manager at Emerald Square Mall in North Attleboro, MA*: Defendants have produced her and her deposition has been taken.

f. *Irish - Gordon's Jeweler's Store Manager at North Danvers Store*: Defendants do not know who this person is.

g. *Natashia - Gordon's Sales Associate at Warwick Mall in Warwick, RI*: Defendants have produced her and her deposition has been taken.

h. *Erica - Gordon's Jewelers Sales Associate at Warwick Mall in Warwick, RI*: Defendants will produce her for deposition.

i. *Barbara - Gordon's Sales Associate at Warwick Mall in Warwick, RI*: Barbara Tassoni's address is 132 ______ Avenue, Unit 108, Cranston, RI 02920.

Interrogatory No. 3

Identify and describe all documents, data, compilations, and other tangible things in the possession, custody, or control of Defendant, relevant to disputed facts alleged in Plaintiffs Complaint. With respect to each identified item, indicate its current location.

Objection

Defendant objects to this Interrogatory on the ground that it is vague, overly broad and unduly burdensome.

Discussion: Defendants submit their objection is appropriate. The meaning of the phrase "relevant to disputed facts alleged in Plaintiff's Complaint" is not reasonably ascertainable. Plaintiff did not define such term in her interrogatory. Neither did counsel define such phrase in his June 22 letter, or explain with any more particularity what items were encompassed within this interrogatory.

Moreover, to the extent this interrogatory is intended to encompass all items relevant to the case, it is overbroad and unduly burdensome. It is incumbent upon the plaintiff to determine what information and documents she believes are relevant to her claims and to frame her discovery requests with reasonable particularity. *See Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989) (instructing that "parties have a[n] [ ] obligation to tailor interrogatories to suit the particular exigencies of the litigation. They ought not to be permitted to use broadswords where scalpels will suffice."). A request, such as plaintiff's, that asks an opposing party to identify and describe all relevant documents is clearly overbroad and unduly burdensome. Defendants' objections should be sustained.

Interrogatory No. 12

Identify each and every individual Defendant claims made a statement against the Plaintiff's interest regarding her claims herein, and provide a detailed summary of any such statement(s).

Objection and Response

Defendants object to the Interrogatory on the ground that it is vague. Subject to the Objection, see response to Interrogatory 8.

[Defendant's response to Interrogatory No. 8 provides in pertinent part that in conducting an investigation into plaintiff's complaint of harassment, Defendants "interviewed Patrick Thompson, Scott Hayes, Natarsia Medeiros, Erica Medeiros, Deborah Goodell, Roberta Ricci, Mary Greim, Jessica Powell, Barbara Tassoni and Michael Miller. The investigation did not substantiate any allegation, except the allegation that on occasion Patrick Thompson was heard to ask whether an applicant for a position at the store was 'hot enough' to work at the store. Thompson was reprimanded for making that comment."]

Discussion: Plaintiff has not explained what she means by the term "statement against the Plaintiff's interest regarding her claims herein" as used in this interrogatory. To the extent she intends to discover any statement ever made portraying the plaintiff in a negative light, the interrogatory is clearly overbroad. To the extent she means statement against interest as a legal term of art within the purview of Federal Rule of Evidence 804(B)(3), the interrogatory would be objectionable on work product grounds. *See, e.g., United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 699 (S.D. Fla. 1990) ("Revealing a party's interpretation of law presents a real nonspeculative risk of revealing the thoughts of [the party's] counsel"). Defendants answered this interrogatory by referencing its answer to interrogatory number 8, which identified numerous persons interviewed who failed to substantiate plaintiff's allegations, with the one exception noted. Defendants' objection is well-founded and their answer adequate.

Interrogatory No. 13

Identify with specificity any and all documents, including, but not limited to, notes, memoranda, letters, diaries, or tape recordings prepared, maintained, or obtained by Defendant relevant to or which would lead to the discovery of relevant information concerning the allegations at issue in Plaintiffs Complaint.

Objection and Response

Defendants object to this Interrogatory on the ground that it is vague, overbroad, and not calculated to lead to the discovery of admissible evidence. Subject to that Objection, defendants are unaware of any responsive documents other than those being produced to plaintiff.

Discussion: Plaintiff's Interrogatory No. 13 represents the quintessential overbroad discovery request. It effectively asks Defendants to identify not only "all relevant documents," but also all those that "would lead to the discovery of relevant information." It is plaintiff's obligation to determine what information and categories of documents are relevant and/or reasonably likely to lead to the discovery of admissible evidence, and to frame her discovery requests accordingly. *See Mack v. Great Atl. & Pac. Tea Co.*, 871 F.2d 179, 187 (1st Cir. 1989) (instructing that "parties have a[n] [ ] obligation to tailor interrogatories to suit the particular exigencies of the litigation. They ought not to be permitted to use broadswords where scalpels will suffice.").

Moreover, to the extent this interrogatory asks that Defendants identify materials "which would lead to the discovery of relevant information," it exceeds the scope of permissible discovery. The Federal Rules of Civil Procedure limit the scope of discovery to information "that is relevant to the claim or defense of any party..." Fed. R. Civ. P. 26(b)(1). While the information sought need not be admissible, it must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* (emphasis supplied). Plaintiff's request seeks information that (apparently, in Defendant's opinion) would "lead to the discovery of relevant information"

(emphasis supplied) and apparently, leaves it up to Defendants to make this determination. The Rules do not allow for such discovery, and Defendants objections should be sustained.

In any event, Defendants answered this interrogatory substantively by stating that it has produced all documents it construes as falling within the purview of the request.

Interrogatory No. 14

Identify each and every document not previously identified that supports or in any way relates to Defendant's defenses of the allegations contained in Plaintiffs Complaint.

Objection and Response

Defendants object to this Interrogatory on the ground that it is vague, overbroad, and not calculated to lead to the discovery of admissible evidence. Subject to that Objection, defendants are unaware of any responsive documents other than those being produced to plaintiff.

Discussion: Defendants have answered this interrogatory substantively and have produced all responsive documents to the plaintiff.

Interrogatory No. 16

From January 2003, to the present, identify those individuals employed by the Defendant in Scott Hayes' District, indicating:

a. name
b. position held
c. name and address of store
d. gender
e. current status
f. date of hire/separation
g. salary/pay history

Objection

Defendant objects to this Interrogatory on the ground that it is overbroad, unduly burdensome, seeks private information concerning employees, and is not calculated to lead to the discovery of admissible evidence.

Discussion: Defendants' objections are warranted. Plaintiffs claim is a straightforward individual hostile work environment sexual harassment case involving the alleged conduct of a single supervisor, Patrick Thompson, who worked with the plaintiff at the Warwick Mall store. Plaintiff has made no effort to demonstrate why the names, positions held, gender, current status, dates of employment, and pay history of all persons presently and previously employed in the district are relevant to her sexual harassment claim.

Moreover, even if this were a disparate treatment case, where discovery concerning other employees might be relevant, courts have limited the discoverable information to those employees similarly situated to the plaintiff. *See, e.g., Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 516-17 (D. Minn. 1997); *Whittingham v. Amherst College*, 164 F.R.D. 124, 127 (D. Mass. 1995). Plaintiff has made no showing, nor could she, that all past and present employees within the district are similarly situated to her "in all material respects." *Rodriguez-Cuervos v. Wal-Mart Stores, Inc.*, 181 F.3d 15, 21 (1st Cir. 1999) ("[A] claim of disparate treatment based on comparative evidence must rest on proof that the proposed analogue is similarly situated in all material respects.") (quotation and citation omitted). *See also Purze v. Village of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002) (holding that in order to be considered "similarly situated," comparators must be "prima facie identical in all relevant respects").

Finally, plaintiff seeks information that implicates the privacy interests of these third parties. "Courts have been reluctant to permit discovery, when the requested disclosures would intrude upon the privacy interests of other, non-party employees." *Onwuka*, 178 F.R.D. at 517. In the absence of establishing the relevance and need for the requested discovery, plaintiff should not be permitted to obtain this private information. *Cf. Whittingham*, 164 F.R.D. at 126 (recognizing that "personnel files contain perhaps the most private information about an

employee" and denying plaintiff's attempt to discover files of other employees where he failed to make a particularized showing demonstrating that his need for the information outweighed the privacy interests of the individuals whose private information was sought); *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D. Pa. 1994) ("[I]t is clear that disclosure of [ ] personnel files would constitute an invasion of privacy.").

Interrogatory No. 18

Since Plaintiffs separation from her employment/duties, identify any and all employees who have any performed duties previously performed by the Plaintiff. For each individual, provide:

a. Name
b. Dates of Employment
c. Home address and telephone as reflected in Defendant's records
d. Gender/DOB
e. Position Title(s)
f. Current Position
g. If separated from employment, state dates and reason for separation.

Objection and Response

Defendant objects to providing age of employees, as that is invasion of privacy, and is not calculated to lead to the discovery of admissible evidence. Subject to that objection, the following employees in the Warwick store have performed duties that had been performed by plaintiff: Debra Goodell (DOH 11/21/95), Erica Medeiros (DOH 11/14/01), Natarsia Medeiros (DOH 11/01/02), Jessica Powell (DOH 8/11/03), Roberta Ricci (DOH 11/12/97), Mary Greim (most recent DOH 3/02) . All are sales associates, except Natarsia Medeiros, who is a cashier. None have separated from employment.

Discussion: Defendants' objections regarding relevance and privacy are appropriate. In the memorandum supporting her motion, plaintiff simply "avers that providing ages of the Defendants employees are properly within the scope of discovery." She fails, however, to explain why the ages of these employees are relevant in this sexual harassment case, and fails to make any argument demonstrating why the objections are unfounded. Defendants submit the

ages of other employees are not relevant. This is not an age discrimination case and thus the ages of other employees are not relevant to the plaintiff's claim. Moreover, information concerning employees' ages is properly protected from disclosure in order to protect the privacy interest of the employees. Defendants' objection should sustained.

Interrogatory No. 22

State whether Defendant has ever been aware of any alleged incidents of harassment, gender discrimination, or like behavior against other employees or customers of the Defendant, in any store in Scott Hayes' District, from January 2000-January 2005. If Defendant answers in the affirmative, please identify, each and every alleged occasion, the circumstances of the incident, the name of the individual who filed the complaint or allegation, and the person against whom the complaint was alleged.

Objection and Response

Defendant objects to this Interrogatory to the extent that it seeks information with regard to alleged incidents of harassment or discrimination other than sexual harassment, on the ground that it seeks information that is not calculated to lead to the discovery of admissible evidence. Subject to the objection, defendant is aware of no such behavior.

Discussion: Defendants' has properly objected to the extent the interrogatory seeks information regarding forms of discrimination/harassment other than sex. When plaintiffs have sought discovery concerning other complaints of discrimination/harassment made against an employer, federal courts have consistently limited the scope of discovery to "the same form of discrimination." *Mitchell v. National R.R. Passenger Corp.*, 208 F.R.D. 455, 460 (D.D.C. 2002). *See also Flanagan v. Travelers Inc. Co.*, 111 F.R.D. 42, 48 (W.D.N.Y. 1986) (limiting discovery to the same type alleged in complaint); *Robbins v. Camden Bd. of Educ.*, 105 F.R.D. 49, 61-63 (D.N.J. 1985) (recognizing that proper scope of discovery seeking other complaints of discrimination against defendants are limited to type of action complained of and type of discrimination alleged). In this case, the plaintiff has alleged sexual harassment. Therefore,

complaints based on any form of discrimination or harassment other than sex are not relevant and not discoverable. With respect to the relevant form of discrimination/harassment, Defendants have answered the interrogatory substantively by stating it is aware of no prior incidents of such misconduct.

Interrogatory No. 24

State Defendant's procedure for store meetings, (i.e. location, scheduling, notice).

Objection and Response

Defendant objects to this Interrogatory on the grounds that it is vague, overbroad, ambiguous, and not calculated to lead to the discovery of admissible evidence. Subject to that Objection, store meetings are held at the Warwick store at 8:30 a.m. on Saturdays. During plaintiff's employment, the meetings occurred on March 8, April 12, April 19, July 26, and August 23, 2003. The meetings lasted between one and one and one-half hours. Meetings were attended by the store manager and all sales associates. Discussion at the meetings centers on product, inventory, sales, sales techniques, and policies and procedures.

Discussion: Defendants have answered this interrogatory substantively and fully.

Plaintiff's motion to compel with respect to this interrogatory is devoid of merit.

Interrogatory No. 28

Describe in detail the circumstances in which, the store manager asked whether a female job applicant was "hot enough" to work in the store, as admitted in Paragraph 21 of Defendants' Amended Answer. Please include:

a) the name of the applicant
b) the address and phone of the applicant
c) which co-employees were present when the comment was made
d) the time and date the comment was made
e) whether or not the applicant was offered the position

Response

Defendant does not know.

Discussion: Defendants inquired of Patrick Thompson in an attempt to obtain the requested information. Mr. Thompson acknowledged having made this remark on one occasion, but could not recall any of the facts sought in the interrogatory.

DEFENDANTS,
GORDON'S JEWELERS and
ZALE CORPORATION

By their attorneys,

HOLLAND & KNIGHT LLP

Robert J. Crohan Jr.

Neal J. McNamara (#4249)
Robert J. Crohan Jr. (#6516)
One Financial Plaza – Suite 1800
Providence, RI 02903
Tel. (401) 751-8500
Fax (401) 553-6850

CERTIFICATE OF SERVICE

I hereby certify that on July 28th, 2005, I served a true and accurate copy of the within document via regular mail, postage prepaid to:

Stephen Fanning, Esq.
305 South Main Street
Providence, RI 02903

Marilyn Lowly

# 3089375_v1